IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMY MARIE HAMILTON,                          3:15-cv-00859-BR

       Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


**LISA R. J. PORTER**
JP Law PC
5200 S.W. Meadows Road, Suite 150
Lake Oswego, OR 97035
(503) 245-6309

       Attorneys for Plaintiff


**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3706

        Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Amy Marie Hamilton seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice.**


## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for SSI on September 26, 2011, and alleged a disability onset date as of July 3, 2000. Tr. 43, 184.[1]  Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 7, 2013.  Tr. 40.  At the hearing Plaintiff and

---

        [1] Citations to the official transcript of record filed by the Commissioner on October 9, 2015, are referred to as "Tr.""

a vocational expert (VE) testified.  Plaintiff was represented by
an attorney.

On August 14, 2013, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 22-34.  On April 24, 2015, that decision became
the final decision of the Commissioner when the Appeals Council
denied Plaintiff's request for review.  Tr. 1-3.  *See Sims v.
Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on April 15, 1973.  Tr. 46, 184.
Plaintiff was 40 years old at the time of the hearing.  Plaintiff
has a high-school diploma.  Tr. 47, 189.  Plaintiff does not have
any past relevant work experience.  Tr. 33.

Plaintiff alleges disability due to a pinched nerve in her
right hip, fibromyalgia, sciatica, post-traumatic stress
disorder, "right knee problems," depression, anxiety, asthma,
"short term memory problems," "comprehension problems," insomnia,
migraine headaches, and irritable bowel syndrome.  Tr. 188.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 27-33.


3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla of evidence, but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine

whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her September 26, 2011, application date. Tr. 24.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, migraines, obesity, borderline intellectual function, anxiety disorder, and affective disorder. Tr. 24-25.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 25-27.

In his assessment of Plaintiff's RFC, the ALJ found Plaintiff can perform light work except she cannot climb ladders, ropes, or scaffolds; can frequently kneel and crouch, but cannot crawl; can balance and climb ramps and stairs on an unlimited basis; must avoid exposure to hazards, fumes, odors, dust, gases, and unventilated areas; can only perform "simple, repetitive tasks with no requirement to read or write reports; and can maintain concentration for two-hour intervals. Tr. 27-33.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work. Tr. 33.

At Step Five, however, the ALJ found Plaintiff is capable of performing other jobs existing in the national economy as a bicycle assembler, garment folder, or "cleaner/housekeeper.". Tr. 33-34. In the alternative, assuming Plaintiff was only capable of performing sedentary work, the ALJ concluded Plaintiff is capable of performing other jobs existing in the national economy such as a printed circuit-board screener or printed circuit-layout taper. Tr. 34. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when (1) she failed to develop the record with regard to Plaintiff's fibromyalgia and, accordingly, failed to conclude fibromyalgia is a severe

impairment at Step Two; (2) she did not conclude Plaintiff is disabled at Step Three of the sequential analysis based on Plaintiff's intellectual disability; (3) she discredited Plaintiff's testimony without providing legally sufficient reasons for doing so; (4) she discredited the lay testimony of Plaintiff's partner, Kayla Jordan, and friend, Barbara Dodge, without providing legally sufficient reasons for doing so; and (5) she concluded Plaintiff is not disabled based on an assessment of Plaintiff's RFC that did not include the limitations contained in the testimony of Plaintiff, Jordan, Dodge, and Jordan Isaac Roth, M.D.

## I.   **Step Two**

As noted, Plaintiff contends the ALJ erroneously concluded at Step Two that Plaintiff's fibromyalgia is not a severe impairment because the ALJ failed to develop the record as to that issue.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments that are expected to last for a continuous period of at least 12 months. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). See *also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724. A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R.

§ 416.921(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervisors, co-workers, and usual work situations; and dealing with changes in a routine work setting.  *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . .  [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

When the Commissioner proceeds beyond Step Two, the Commissioner's failure to include any medical condition at Step Two is harmless if the ALJ considered that condition when formulating the claimant's RFC and when reaching the disability determination at Step Four or Five.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

There are two alternative ways an ALJ may determine fibromyalgia is a severe impairment at Step Two.  With respect to the first criterion the claimant must establish:  (1) "A history of widespread pain . . . that has persisted . . . for at least 3 months"; (2) "[a]t least 11 positive tender points on physical

examination"; and (3) "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2P, 2012 WL 3104869, at *2-*3 (Jul. 25, 2012). Alternatively, a claimant meets her burden of establishing fibromyalgia is a severe impairment at Step Two if the record reflects the claimant has: (1) "A history of widespread pain"; (2) "[r]epeated manifestations of six or more FM symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.*, at *3.

Plaintiff does not contend the ALJ erred when she found Plaintiff had not established either of the criteria under SSR 12-2P. Instead Plaintiff contends the ALJ erred because she concluded Plaintiff's fibromyalgia did not meet the requirements of SSR 12-2P without further developing the record.

The ALJ bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001). *See also Camky v. Colvin,* No. 6:12-cv-01973 BR, 2013 WL 6243503, at *5 (D. Or. Dec. 2, 2013). When important medical evidence is incomplete, the ALJ has a duty to re-contact the provider for clarification. 20 C.F.R. § 416.927(c)(2). When making disability

determinations,

> [i]f the evidence is consistent but we do not have
> sufficient evidence to decide whether you are disabled,
> or if after weighing the evidence we decide we cannot
> reach a conclusion about whether you are disabled, we
> will try to obtain additional evidence. . . .  We will
> request additional existing records, recontact your
> treating sources or any other examining sources, ask
> you to undergo a consultative examination at our
> expense, or ask you or others for more information.

20 C.F.R. § 416.927(c)(3).  The decision whether to request a

consultative examination is within the discretion of the ALJ.

*See* 20 C.F.R. § 919a ("A consultative examination may be

purchased when the evidence as a whole, both medical and

nonmedical, is not sufficient to support a decision on your

claim.").  "An ALJ ha[s] no duty to develop the record . . .

where the evidence was not ambiguous and the record was not

inadequate to allow for proper evaluation of the evidence."

*Coleman v. Colvin*, No. 12-35207, 2013 WL 1694757, at *1 (9th Cir.

Apr. 19, 2013).  *See also Ludwig v. Astrue*, 681 F.3d 1047, 1055

n.30 (9th Cir. 2012)("'An ALJ's duty to develop the record

further is triggered only when there is ambiguous evidence or

when the record is inadequate to allow for proper evaluation of

the evidence.'")(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60

(9th Cir. 2001)).

Here the ALJ's duty to develop the record was not triggered

because the medical evidence was not ambiguous.  Although there

are multiple references to an apparent past diagnosis in the

12 - OPINION AND ORDER

medical record of Plaintiff as having fibromyalgia, the record does not contain evidence sufficient to establish either of the criteria under SSR 12-2P.  The evidence, therefore, was not ambiguous nor "inadequate to allow for the proper evaluation of the evidence," but instead fell short in establishing the criteria necessary to conclude that Plaintiff's fibromyalgia qualifies as a severe impairment.  *See Ludwig*, 681 F.3d at 1055 n.30.  The ALJ, therefore, did not err by failing to develop the record further as to Plaintiff's fibromyalgia.

In the alternative, even if the ALJ erred by excluding fibromyalgia at Step Two, that error would be harmless because the ALJ considered the totality of Plaintiff's physical limitations when she evaluated Plaintiff's RFC.  *See Lewis*, 498 F.3d at 911 (9th Cir. 2007).

Accordingly, on this record the Court concludes the ALJ did not err when she did not include fibromyalgia as a severe impairment at Step Two.

## II.  __Step Three__

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments; are so severe that they preclude substantial gainful activity; and, therefore, render the claimant disabled.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011).  The criteria for

the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments). Social Security Ruling (SSR) 96-6p provides in pertinent part:

> [L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.

In addition, the Ninth Circuit has held generalized assertions of functional problems are insufficient to establish that a claimant meets or equals a Listing at Step Three. *See, e.g., Reed-Goss v. Astrue,* 291 F. App'x 100, 101 (9th Cir. 2008)("'To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim.'")(quoting *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)).

When represented by counsel at the administrative hearing, "appellants must raise issues at their administrative hearings in order to preserve them on appeal before this Court." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). *See also Phillips v. Colvin*, 593 F. App'x 683, 684 (9th Cir. 2015). The court will excuse such a failure to preserve an issue at the administrative level, however, if doing so is "necessary to avoid a manifest injustice." *Meanel*, 172 F.3d at 1115.

Plaintiff waived any assertion of error at Step Three, however, when Plaintiff's counsel stated at the hearing:

14 - OPINION AND ORDER

> So in short we're looking at a step five determination,
> Your Honor.  I don't believe that [Plaintiff] meets and
> equals any particular listing in her – its severity,
> but her moderate limitations and in some cases with her
> borderline IQ should suggest, as well of course of her
> functioning, her GAF scores have never really reached
> 60, suggests that we have somebody with some — severe
> deficits in being able to function even in daily
> activities.

Tr. 45.  Plaintiff's express disavowal of the possibility that

Plaintiff's impairments meet or equal any listing at Step Three

(including any listing related to intellectual disability)

represents a waiver of this issue.  Moreover, in light of

Plaintiff's express disavowal of a finding of disability at Step

Three and the limited evidence in the record regarding

Plaintiff's intellectual disability, the Court concludes excusal

of the failure to preserve this issue is not "necessary to avoid

a manifest injustice."  *Meanel*, 172 F.3d at 1115.

Accordingly, on this record the Court concludes the ALJ did

not err when she found Plaintiff's impairments did not meet or

equal any listing at Step Three.

### III. **Plaintiff's Credibility**

In *Cotton v. Bowen* the Ninth Circuit established two

requirements for a claimant to present credible symptom

testimony:  The claimant must produce objective medical evidence

of an impairment or impairments, and she must show the impairment

or combination of impairments could reasonably be expected to

produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th

Cir. 1986).  *See also Spelatz v. Astrue*, 321 F. App'x 689, 692
(9th Cir. 2009).  The claimant, however, need not produce
objective medical evidence of the actual symptoms or their
severity.  *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).
*See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F.
App'x 570, 570 (9th Cir. 2012).

   If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if she provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834
(9th Cir. 1995)).  General assertions that the claimant's
testimony is not credible are insufficient.  *Id*.  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81
F.3d at 834).

   At the August 7, 2013, hearing Plaintiff testified she has
been unable to work on account of "pain issues," including
fibromyalgia and migraine headaches.  Tr. 49-50.  Plaintiff
testified she experiences "pain or pressure from head to toe"
although a "large majority" of her pain was in her back at the
time of the hearing.  Tr. 50.  Plaintiff stated she is able to
walk around her neighborhood "one to two times a week depending
on the severity of [her] pain," and is able to walk enough to go

to the grocery store.  Tr. 51.  Plaintiff testified she helps with household activities like washing dishes, dusting, and sweeping, but her partner completes most of the chores.  Tr. 56-57.  In addition, Plaintiff reported she frequently has difficulty getting sleep as a result of her sleep apnea, and the lack of sleep makes it "harder for [her] to function and be able to concentrate."  Tr. 66.

Plaintiff testified she "kept a food activity journal" in the past to help her doctors treat her chronic-pain and migraine headaches.  Tr. 58.  Plaintiff stated she has difficulty completing paperwork because it is "a point of anxiety and frustration," and her partner completed her disability forms for her.  Tr. 60-63.  As a result of her anxiety and PTSD, Plaintiff testified she does not leave her house "unless [she] absolutely [has] to."  Tr. 66.  Plaintiff stated she watches movies with her partner and completes puzzles, but she does not play card games "due to some abuse issues" that she experienced in childhood. Tr. 53-54, 59.

In her Adult Function Report dated October 26, 2011, Plaintiff stated she requires frequent rest while performing daily chores, and she is unable to bend, walk, lift items, and sweep and mop floors.  Tr. 212.  Plaintiff stated she is able to help with cleaning and laundry, but she requires rest during those activities and, as a result, chores take longer.  Tr. 215.

Plaintiff reported her social activities include watching television and movies, playing cards and board games, listening to music, and completing arts and crafts.  Tr. 216.  Plaintiff indicated her conditions affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, climb stairs, remember, complete tasks, concentrate, understand, following instructions, use her hands, and get along with others.  Tr. 217.  Plaintiff reported she can only walk one or two blocks before requiring 15-20 minutes of rest.  Tr. 217.

The ALJ discredited Plaintiff's testimony because it was inconsistent with findings in the medical record, Plaintiff demonstrated poor effort in medical examinations and failed to seek mental-health services that were available to her, Plaintiff made inconsistent statements about her daily activities and past medical treatment, and Plaintiff's testimony that her partner filled out Plaintiff's disability paperwork was contradicted by the presence of two different handwriting styles on the forms. Tr. 28-31.

The ALJ correctly noted Plaintiff made inconsistent statements regarding her daily activities and past medical treatment.  For example, as the ALJ noted, Plaintiff testified she had a psychiatric hospitalization in 2011, but the record does not contain any record of psychiatric hospitalization.  Tr. 365, 428.  Moreover, the ALJ reasonably found Plaintiff's hearing

testimony that she does not play card games was inconsistent with her report in his Adult Function Report in which Plaintiff listed playing card games as among her social activities. Tr. 59, 216.

As the ALJ noted, throughout much of the period relevant to Plaintiff's disability application, medical examination findings did not indicate Plaintiff suffered from the full extent of limitations that Plaintiff alleged as a result of her back pain. *See, e.g.*, Tr. 257 (Plaintiff can walk several blocks albeit with exacerbated back pain and can perform household chores and care for her partner), Tr. 504 (back pain "is at baseline"), Tr. 517 (Plaintiff doing a "fair amount of walking"). Although Plaintiff's back pain appears to have worsened acutely in February 2013 "after carrying large bags of groceries and riding the bus," the ALJ reasonably concluded Plaintiff's allegations of significant limitations due to back pain dating back to 2011 are not fully supported by the medical record.

Moreover, the ALJ correctly noted instances in which Plaintiff demonstrated poor effort on examination. On February 18, 2013, Dr. Roth indicated Plaintiff demonstrated "[p]oor effort on [lower extremity] strength testing," and on February 3, 2012, Plaintiff was "[u]nwilling to participate in other range of motion testing." Tr. 458, 518. Moreover, the ALJ correctly stated Plaintiff failed to follow up on mental-health treatment services that were available to her; for example, on

19 – OPINION AND ORDER

two occasions Plaintiff was discharged from treatment at
LifeWorks NW for failure to follow up shortly after initiating
treatment.  Tr. 246-47, 378-79.

After reviewing the record, the Court concludes the ALJ
provided clear and convincing reasons for discrediting
Plaintiff's testimony.  Accordingly, on this record the Court
concludes the ALJ did not err when she discounted Plaintiff's
testimony because the ALJ cited legally sufficient reasons for
doing so.

**IV.  <u>Lay Testimony</u>**

When determining whether a claimant is disabled, the ALJ
must consider lay-witness testimony concerning a claimant's
limitations and ability to work.  *Molina v. Astrue*, 674 F.3d
1104, 1114 (9th Cir. 2012).  If the ALJ wishes to discount the
testimony of lay-witnesses, he "must give reasons that are
germane to each witness." *Id.* (quoting *Nguyen v. Chater*, 100 F.3d
1462, 1467 (9th Cir. 1996)).  *See also Lester v. Chater,* 81 F.3d
821, 834 (9th Cir. 1995)(improperly rejected lay-witness
testimony is credited as a matter of law).

Although the ALJ's reasons for rejecting lay-witness
testimony must be "specific," *Stout v. Comm'r, Social Sec.,
Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006), the ALJ need not
discuss every witness's testimony on an individualized basis.
*Molina*, 674 F.3d at 1114.  "[I]f the ALJ gives germane reasons

20 - OPINION AND ORDER

for rejecting testimony by one witness, the ALJ need only point
to those reasons when rejecting similar testimony by a different
witness." *Id.  See also Valentine v. Comm'r Soc. Sec. Admin.*,
674 F.3d 685, 690 (9th Cir. 2009).

**A.    Testimony of Barbara Dodge**

In a Third Party Function Report dated October 25, 2011,
Plaintiff's friend, Barbara Dodge, reported Plaintiff "has
chronic pain and it gets to the point where she can barely move."
Tr. 204.  Dodge stated Plaintiff's migraines prevent her from
doing anything more than sleeping and staying in dark, quiet
areas.  Tr. 204.  Dodge stated Plaintiff performs a "small
amount" of daily chores at a time, but needs help with tasks that
require bending and/or carrying heavy items.  Tr. 206.  Dodge
reported Plaintiff's hobbies include watching television, doing
arts and crafts, and playing with Dodge's son.  Tr. 208.  Dodge
indicated Plaintiff's conditions affect her abilities to lift,
squat, bend, stand, reach, walk, sit, kneel, climb stairs,
remember, concentrate, complete tasks, and get along with others.
Tr. 209.  Dodge reported Plaintiff can only walk "a few blocks"
before requiring "a few minutes" of rest.  Tr. 209.

The ALJ discredited Dodge's testimony on the basis that
because Dodge's complaints "reflect essentially the same
allegations made by the claimant," Dodge's allegations are not
credible for many of the same reasons that the ALJ provided when

21 - OPINION AND ORDER

she discredited Plaintiff's testimony.  Tr. 32.  The Court finds
the ALJ reasonably concluded many of the same reasons that the
ALJ provided to discredit Plaintiff's testimony also undercut
Dodge's allegations.

Accordingly, on this record the Court concludes the ALJ did
not err when she discredited Dodge's testimony because the ALJ
provided legally sufficient reasons for doing so.

**B.    Testimony of Kayla Jordan**

Plaintiff's partner, Kayla Jordan, submitted a letter dated
July 9, 2013, in which Jordan stated Plaintiff suffers memory
loss, PTSD, and anxiety.  Tr. 240.  As a result, Jordan stated
Plaintiff experiences mood instability, does not adapt to change
well, rarely leaves home, avoids large crowds, and could not work
in any public setting.  Tr. 240-41.  In addition, Jordan reported
Plaintiff requires help in the bathroom and with dressing, and it
takes her an unusually long time to accomplish chores because of
her chronic pain and migraine headaches.  Tr. 240.

The ALJ discredited Jordan's testimony for the same reasons
that the ALJ provided when she rejected Plaintiff's testimony.
In addition, the ALJ reasoned Jordan may have secondary-gain
motivations because Jordan was expecting Plaintiff to use her
disability benefits to repay certain debts held by Jordan.
Although the Court does not conclude the record is sufficient to
support the ALJ's finding of a potential secondary-gain

22 - OPINION AND ORDER

motivation, the Court finds the ALJ correctly concluded many of the same reasons that the ALJ provided to discredit Plaintiff's testimony also undercut Jordan's allegations.

Accordingly, on this record the Court concludes the ALJ did not err when she discredited Jordan's testimony because the ALJ provided legally sufficient reasons for doing so.

## V.    Step Five Error

Plaintiff asserts the ALJ erred at Step Five because the ALJ's assessment of Plaintiff's RFC did not account for the allegations contained in the testimony of Plaintiff, Dodge, and Jordan or the opinion submitted by Dr. Roth.[2]  Because the Court concluded the ALJ provided legally sufficient reasons for discrediting the testimony that Plaintiff relies on, the ALJ did not err in formulating her assessment of Plaintiff's RFC or in concluding Plaintiff is capable of performing other work available in the national economy.

On this record, therefore, the Court concludes the ALJ did not err at Step Five.

---

[2] Plaintiff does not independently assign error to the ALJ for giving little weight to Dr. Roth's opinion.  *See* Tr. 32, 434-39.  Nonetheless, the reasons that the ALJ provided for discrediting Dr. Roth's testimony constitute specific and legitimate reasons for doing so, and, accordingly, the ALJ did not err when considering Dr. Roth's opinion.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 12th day of May, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge